IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 26- |
| v. | : | DATE FILED: |
| GREGORY JONES<br>a/k/a "Smallz,"<br>EDWARD BASLEY<br>a/k/a "Beeb,"<br>SHAWN BELL<br>JABARI SAVAGE<br>RENARD BROWN<br>JERMAINE SINGLETON<br>FARID HADDAD<br>DAVID McFIELD<br>ORENTHIAL BAILEY<br>a/k/a "D,"<br>EDUARD AMADOR | : | VIOLATIONS:<br>21 U.S.C. § 846 (conspiracy to distribute 5 kilograms or more of cocaine – 1 count)<br>21 U.S.C. § 841(a)(1) (possession with intent to distribute 5 kilograms or more of cocaine – 2 counts)<br>21 U.S.C. § 860(a) (possession with intent to distribute 5 kilograms or more of cocaine within 1,000 feet of a protected location – 1 count)<br>18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking offense – 1 count)<br>Notices of forfeiture |

INDICTMENT

COUNT ONE

THE GRAND JURY CHARGES THAT:

1. From in or about July 2024 through on or about June 26, 2026, in Philadelphia, in the Eastern District of Pennsylvania, and elsewhere, defendants

GREGORY JONES,
a/k/a "Smallz,"
EDWARD BASLEY,
a/k/a "Beeb,"
SHAWN BELL,
JABARI SAVAGE,
RENARD BROWN,
FARID HADDAD,
JERMAINE SINGLETON,
DAVID McFIELD,

**ORENTHIAL BAILEY,**
**a/k/a "D," and**
**EDUARD AMADOR**

conspired and agreed, with each other and with others known and unknown to the grand jury, to knowingly and intentionally distribute 5 kilograms or more of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

2. It is further alleged that before defendant GREGORY JONES committed the offense charged in this count, defendant GREGORY JONES had one or more convictions for a serious drug felony, that is, a conviction on or about July 30, 2009, in the Eastern District of Pennsylvania for conspiracy to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

3. It is further alleged that before defendant EDWARD BASLEY committed the offense charged in this count, defendant EDWARD BASLEY had one or more convictions for a serious drug felony, that is, a conviction on or about February 20, 2007, in the Eastern District of Pennsylvania for possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

4. It is further alleged that before defendant SHAWN BELL committed the offense charged in this count, defendant SHAWN BELL had a final conviction for a serious violent felony, that is, a conviction on or about February 28, 1991, and a resentencing on or about

September 7, 2017, in the Commonwealth of Pennsylvania for murder in the second degree, in violation of 18 Pa. C.S.A. § 2502(b), for which he served more than 12 months of imprisonment.

5. It is further alleged that before defendant JABARI SAVAGE committed the offense charged in this count, defendant JABARI SAVAGE had one or more convictions for a serious drug felony, that is, a conviction on or about September 24, 2012, in the Commonwealth of Pennsylvania for possession with intent to deliver controlled substances, in violation of 35 Pa. C.S.A. § 780-113(a)(30), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

6. It is further alleged that before defendant RENARD BROWN committed the offense charged in this count, defendant RENARD BROWN had one or more convictions for a serious drug felony, that is, a conviction on or about May 3, 2004, in the Eastern District of Pennsylvania for possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

7. It is further alleged that before defendant JERMAINE SINGLETON committed the offense charged in this count, defendant JERMAINE SINGLETON had one or more convictions for a serious drug felony, that is, a conviction on or about August 10, 2004, in the Eastern District of Pennsylvania for possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

**MANNER AND MEANS**

It was a part of that conspiracy that:

8. Defendant GREGORY JONES maintained a residence located at 1835 West Pacific Street, Philadelphia, Pennsylvania for the purpose of storing bulk cocaine shipments for further distribution to his customers. This residence is within 1,000 feet of the real property comprising the Grover Cleveland Elementary School, a charter school located at 3701 North 19th Street, Philadelphia, Pennsylvania.

9. Defendant EDWARD BASLEY maintained a residence located at 1953 Plymouth Street, Philadelphia, Pennsylvania for the purpose of storing bulk cocaine shipments for further distribution to his customers.

10. At times, defendant GREGORY JONES stored kilograms of cocaine and bulk cash proceeds from his drug trafficking activities at his workplace located at 4902 Wyalusing Avenue Philadelphia, Pennsylvania. This location was within 1,000 feet of the real property comprising the James Rhoads School, an elementary school located at 4901 Parrish Street, Philadelphia, Pennsylvania.

11. Defendant GREGORY JONES frequently communicated with a source of supply located in Mexico to obtain multi-kilogram shipments of cocaine. The Mexican source of supply delivered these multi-kilogram shipments of cocaine via tractor trailers driven from, among other locations, the Texas/Mexico border, to the Philadelphia area.

12. Defendants GREGORY JONES, EDWARD BASLEY, and others known and unknown to the grand jury routinely used multiple vehicles to store and transport kilograms of cocaine and bulk cash proceeds from the sale of cocaine. Some of those automobiles were

modified with secret compartments designed to hide controlled substances, cash proceeds, and firearms.

13. Defendant GREGORY JONES met with truck drivers in various locations, including short-term truck parking lots, around Philadelphia, New Jersey, and elsewhere, for the purpose of obtaining cocaine shipments sent by defendant JONES' Mexican source of supply. At times, defendant JONES provided bulk cash payments to these truck drivers as payment for the cocaine.

14. After defendant GREGORY JONES met with truck drivers to obtain cocaine shipments, defendant JONES routinely met with defendant EDWARD BASLEY to provide defendant BASLEY with BASLEY's portion of the cocaine.

15. After defendants GREGORY JONES and EDWARD BASLEY obtained cocaine from the Mexican source of supply and various truck drivers, both defendants JONES and BASLEY routinely met with their own customers and sub-dealers to provide those individuals with cocaine. Defendants JONES and BASLEY routinely conducted these meetings within their own automobiles, or within automobiles used by the JONES-BASLEY drug trafficking organization ("DTO").

16. Members of the DTO used cellular telephones to coordinate with each other and with those outside the DTO, to acquire, transport, and distribute controlled substances. Members of the DTO made widespread use of video chat applications including FaceTime to avoid interception by law enforcement. At times, members of the DTO used encrypted messaging applications to avoid interception by law enforcement.

17. Members of the DTO kept firearms with them and at the various DTO residences to protect their drug stashes, and the profits derived therefrom, from others who may attempt to rob them.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish its objects, defendants GREGORY JONES, EDWARD BASLEY, SHAWN BELL, JABARI SAVAGE, RENARD BROWN, FARID HADDAD, JERMAINE SINGLETON, DAVID McFIELD, ORENTHIAL BAILEY, EDUARD AMADOR, and others known and unknown to the grand jury, committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1. On or about March 16, 2026, defendant GREGORY JONES met with Person 1, a truck driver known to the grand jury, for the purpose of obtaining approximately 58 kilograms of cocaine.

2. On March 16, 2026, after defendant GREGORY JONES met with Person 1 to obtain cocaine, defendant JONES met with defendant EDWARD BASLEY in front of 1835 West Pacific Street, Philadelphia, Pennsylvania to provide defendant BASLEY with his portion of the cocaine shipment.

3. On March 16, 2026, after defendant EDWARD BASLEY met with defendant GREGORY JONES to obtain his portion of the just-delivered cocaine, defendant BASLEY traveled to 1953 Plymouth Street, Philadelphia, Pennsylvania to store some or all of the cocaine BASLEY received.

4. On or about March 17, 2026, while parked at the intersection of Pulaski Avenue and Hunting Park Avenue in Philadelphia, defendant GREGORY JONES met with defendant

JERMAINE SINGLETON. During the meeting, defendant JONES delivered approximately three kilograms of cocaine to defendant SINGLETON for $51,000.

5. On or about March 17, 2026, while parked on the 3900 block of Alfred Street in Philadelphia, defendant GREGORY JONES delivered approximately two kilograms of cocaine to defendant JABARI SAVAGE.

6. On or about March 18, 2026, defendant GREGORY JONES delivered cocaine to defendant FARID HADDAD. Later the same day, defendant JONES met with defendant HADDAD for the purpose of collecting money from HADDAD for the previously delivered cocaine. During the meeting, defendant JONES told defendant HADDAD about another individual who JONES supplied with cocaine. Defendant JONES joked about the prices that other individual was charging his own customers for cocaine received from JONES.

7. On or about March 19, 2026, while parked at the intersection of Pulaski Avenue and Hunting Park Avenue in Philadelphia, defendant GREGORY JONES met with defendant SHAWN BELL. During the meeting defendant JONES delivered cocaine to defendant BELL. Also, during the meeting, defendants JONES and BELL discussed using another individual to cook powder cocaine into cocaine base or "crack." Defendants JONES and BELL joked about that individual's outstanding drug debts to JONES.

8. On or about April 28, 2026, defendant RENARD BROWN met with defendant GREGORY JONES inside defendant JONES' BMW X5 on Chancellor Street in Philadelphia. While in the BMW, defendant BROWN provided JONES with cash in exchange for cocaine. During the meeting, defendant JONES told defendant BROWN that JONES' cocaine business seemed to be slowing down, although one person had just "called for 12."

9. On or about April 29, 2026, defendant RENARD BROWN met with defendant GREGORY JONES inside defendant JONES' BMW X5 on Chancellor Street in Philadelphia. During the meeting, defendant JONES provided defendant BROWN with approximately two kilograms of cocaine.

10. On or about April 29, 2026, defendants GREGORY JONES and EDWARD BASLEY spoke with one another to discuss an upcoming resupply of cocaine. During the call, defendant BASLEY told defendant JONES that BASLEY had money ready. In response, defendant JONES said he had to "start wrapping that shit up."

11. On or about April 29, 2026, defendant DAVID McFIELD met with defendant GREGORY JONES inside defendant JONES' BMW X5. During the meeting, defendant JONES provided defendant McFIELD with approximately one kilogram of cocaine.

12. On or about April 29, 2026, defendant GREGORY JONES placed an outgoing call to defendant SHAWN BELL.

13. On or about May 1, 2026, defendant GREGORY JONES spoke with his Mexico-based source of supply. The source of supply spoke only Spanish, so they were aided on the call by a man who acted as a translator. During the conversation, the source told defendant JONES the source would "send a truck" that had a "good hiding spot" capable of holding "24 pieces." Later in the same conversation, defendant JONES and the source discussed JONES acting on the Mexico-based source of supply's behalf to coordinate cocaine deliveries to Baltimore and Pittsburgh.

14. On or about May 1, 2026, defendants GREGORY JONES and EDWARD BASLEY communicated via FaceTime. During the conversation, defendants JONES and BASLEY discussed their various drug customers and the outstanding debts owed to the two men

by those customers. Defendants JONES and BASLEY also discussed the price and availability of cocaine throughout the United States, including in California, Texas, Atlanta, and South Carolina.

15. On or about May 3, 2026, defendant GREGORY JONES spoke with defendant ORENTHIAL BAILEY via telephone. During the conversation, defendant BAILEY indicated he would be coming to Philadelphia on Tuesday. Defendant JONES told defendant BAILEY he was glad it was BAILEY coming to see him, because JONES could communicate with BAILEY.

16. On or about May 3, 2026, after defendant GREGORY JONES spoke with defendant ORENTHIAL BAILEY, defendant JONES also spoke with defendant EDWARD BASLEY. During the conversation, defendant JONES said he just got off the phone with "the driver" and that "the driver" would be here on Tuesday. Defendant JONES further told defendant BASLEY that as a result, JONES had to "wrap all this shit up."

17. On or about May 4, 2026, defendant GREGORY JONES spoke with the Mexico-based source of supply. During the conversation with the source, defendant JONES said he had "seven something." The source, through his translator, asked defendant JONES if JONES could round it up to "750."

18. On or about May 4, 2026, defendant RENARD BROWN met with defendant GREGORY JONES inside defendant JONES' BMW X5. During the meeting, defendant JONES supplied defendant BROWN with cocaine.

19. On or about May 6, 2026, defendant GREGORY JONES met with defendant ORENTHIAL BAILEY for the purpose of obtaining multiple kilograms of cocaine for further distribution by the JONES-BASLEY DTO. During this meeting, defendant JONES provided defendant BAILEY with approximately $750,000 in payment.

20. On or about May 6, 2026, after defendant GREGORY JONES met with defendant ORENTHIAL BAILEY to obtain cocaine, defendant JONES traveled to his residence at 2110 East Norris Street in Philadelphia, Pennsylvania. There, defendant JONES met with defendant EDWARD BASLEY to provide defendant BASLEY with a portion of the cocaine shipment.

21. On or about May 6, 2026, defendant EDWARD BASLEY traveled to 7600 Stenton Avenue, Philadelphia, Pennsylvania to deliver at least one kilogram of cocaine to Sean Murray, a/k/a "Shady," charged elsewhere.

22. On or about May 7, 2026, Sean Murray, charged elsewhere, possessed approximately two and one-half kilograms of cocaine and a loaded Taurus G2C 9mm handgun with an extended magazine. The pistol and the bulk of the cocaine were concealed within a secret compartment hidden inside a fish tank inside Murray's residence.

23. On or about May 7, 2026, after Sean Murray was arrested, defendants EDWARD BASLEY and GREGORY JONES spoke via Facetime about the arrest. During the conversation, defendant BASLEY told defendant JONES that "Shady" was locked up. BASLEY further said that he saw him the day before and had given him a "chump."

24. On or about May 7, 2026, defendant DAVID McFIELD met with defendant GREGORY JONES inside defendant JONES' BMW X5. During the meeting, defendant JONES provided defendant McFIELD with cocaine in exchange for cash, and the two planned an additional delivery from JONES to McFIELD for the following day. After completing the cocaine transaction, defendant McFIELD encouraged defendant JONES to begin selling prescription pills. Defendant McFIELD detailed his pill trafficking business, including the distribution of fluoprazolam, Adderall, and Xanax. In encouraging defendant JONES to participate in the pill trafficking business, defendant McFIELD said "some of my biggest

customers is Temple students." Defendant McFIELD continued, "college students love it. I got Rowan College. I got Temple. And now I'm going in at Drexel." Defendant McFIELD bragged that when one sold pills to college students, the "phone call gonna come back like a boomerang."

25. On or about May 12, 2026, defendant DAVID McFIELD met with defendant GREGORY JONES to provide him with cash.

26. On or about May 13, 2026, defendant GREGORY JONES spoke with his Mexico-based source of supply to complain about the poor quality of previously received kilograms of cocaine. During the call, defendant JONES explained various steps he took to try and improve the quality. Defendant JONES also told his source of supply that JONES could not sell the poor-quality kilograms for full price, and that JONES would prefer to return those kilograms to the source of supply.

27. On or about May 14, 2026, defendant GREGORY JONES traveled to a parking lot in New Jersey where he met with Person 2, a truck driver known to the grand jury, for the purpose of providing approximately $300,000 in payment to the Mexico source of supply for cocaine.

28. On or about May 14, 2026, defendant JABARI SAVAGE met with defendant GREGORY JONES in defendant JONES' BMW X5. During the meeting, defendant SAVAGE handed defendant JONES a large stack of cash.

29. On or about May 27, 2026, the Tennessee Highway Patrol stopped a truck outside of Knoxville, Tennessee. The truck, driven by defendant ORENTHIAL BAILEY, contained approximately 89 kilograms of cocaine.

30. On or about June 1, 2026, defendant GREGORY JONES met with Person 3 in the vicinity of West Hunting Park Avenue and Pulaski Avenue in Philadelphia. During the conversation, defendant JONES told Person 3, "My driver got popped with 90."

31. On or about June 2, 2026, defendant GREGORY JONES met with defendant RENARD BROWN in the vicinity of 63rd Street and Lansdowne Avenue in Philadelphia. During the meeting defendant JONES told defendant BROWN that "they hit the load."

32. On or about June 2, 2026, defendants GREGORY JONES and EDWARD BASLEY discussed the recent arrest of Sean Murray, charged elsewhere, and the United States Attorney's Office's notification that individuals in Murray's case were intercepted pursuant to a Court-ordered wiretap. During the conversation, defendant BASLEY expressed concern about the wiretap notification letters. In response, defendant JONES assured defendant BASLEY that he need not worry, as JONES and BASLEY only spoke using FaceTime, which cannot be intercepted by law enforcement.

33. On or about June 23, 2026, defendant GREGORY JONES spoke with the Mexico-based source of supply multiple times. During the conversations, the two discussed the source of supply's difficulty in locating truck drivers willing to transport cocaine to Philadelphia, and defendant JONES said he identified someone who might be willing to drive. The source of supply told defendant JONES that they would "need his information" and a picture of his driver's license showing "where he lives." The source of supply instructed defendant JONES to tell the potential driver that if he did anything "funny or tries to rob them, they will cut his head off."

34. On or about June 23, 2026, defendant JERMAINE SINGLETON met with defendant GREGORY JONES inside defendant JONES' BMW X5 at the intersection of 17th

and Pacific Streets in Philadelphia. During the meeting, defendant JONES delivered cocaine to defendant SINGLETON. After delivering cocaine, defendant JONES told defendant SINGLETON that the Mexico-based source of supply wanted to talk to SINGLETON, and that the source of supply was willing to buy him a truck and install a "stash" in it. The two men discussed the arrest of defendant ORENTHIAL BAILEY in Tennessee and a third party who might also be willing to drive for defendant JONES and the Mexico-based source of supply.

35. On or about June 24, 2026, defendant FARID HADDAD met with defendant GREGORY JONES inside JONES' BMW X5. During the meeting, defendant JONES provided defendant HADDAD with approximately half a kilogram of cocaine.

36. On or about June 24, 2026, defendant FARID HADDAD met with defendant GREGORY JONES inside defendant JONES' BMW X5. During the meeting, defendant HADDAD provided defendant JONES with a $9,000 payment for the half kilogram of cocaine he obtained from JONES earlier in the day.

37. On or about June 25, 2026, defendant RENARD BROWN met with defendant GREGORY JONES inside defendant JONES' BMW X5. During the meeting, defendant JONES delivered at least one kilogram of cocaine to defendant BROWN.

38. On or about June 26, 2026, defendants GREGORY JONES and JERMAINE SINGLETON met with defendant EDUARD AMADOR, at a parking lot in southwest Philadelphia. During the meeting, defendant JONES provided defendant AMADOR with cash in exchange for approximately 84 kilograms of cocaine.

39. On or about June 26, 2026, after obtaining cocaine from Eduard Amador, defendant GREGORY JONES met with defendant EDWARD BASLEY at 4902 Wyalusing Avenue in Philadelphia. During that meeting, defendant JONES provided defendant BASLEY

with approximately 33 kilograms of cocaine. After providing defendant BASLEY with cocaine, defendant JONES placed multiple kilograms of cocaine within 4902 Wyalusing Avenue Philadelphia, Pennsylvania. Defendant JONES also possessed approximately 30 kilograms of cocaine within his BMW parked outside 4902 Wyalusing Avenue.

40. On or about June 26, 2026, after obtaining cocaine from defendant GREGORY JONES, defendant EDWARD BASLEY traveled to 1953 Plymouth Street, Philadelphia, Pennsylvania where he stored the cocaine he received from defendant JONES.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about June 26, 2026, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**GREGORY JONES,**
**a/k/a "Smallz,"**

knowingly and intentionally possessed with intent to distribute 5 kilograms or more, that is, approximately 45 kilograms, of cocaine, a Schedule II controlled substance.

2. It is further alleged that before defendant GREGORY JONES committed the offense charged in this count, defendant GREGORY JONES had one or more convictions for a serious drug felony, that is, a conviction on or about July 30, 2009, in the Eastern District of Pennsylvania for conspiracy to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about June 26, 2026, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**GREGORY JONES,**
**a/k/a "Smallz,"**

knowingly and intentionally possessed with intent to distribute 5 kilograms or more, that is, approximately 45 kilograms, of cocaine, a Schedule II controlled substance, within 1,000 feet of the real property comprising the James Rhoads School, an elementary school located at 4901 Parrish Street, Philadelphia, Pennsylvania in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

2. It is further alleged that before defendant GREGORY JONES committed the offense charged in this count, defendant GREGORY JONES had one or more convictions for a serious drug felony, that is, a conviction on or about July 30, 2009, in the Eastern District of Pennsylvania for conspiracy to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

In violation of Title 21, United States Code, Section 860(a).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about June 26, 2026, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**EDWARD BASLEY,**
**a/k/a "Beeb,"**

knowingly and intentionally possessed with intent to distribute 5 kilograms or more, that is, approximately 33 kilograms, of cocaine, a Schedule II controlled substance.

2. It is further alleged that before defendant EDWARD BASLEY committed the offense charged in this count, defendant EDWARD BASLEY had one or more convictions for a serious drug felony, that is, a conviction on or about February 20, 2007, in the Eastern District of Pennsylvania for possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1), for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offense charged in this count.

In violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about June 26, 2026, in Philadelphia, in the Eastern District of Pennsylvania, defendant

**EDWARD BASLEY,**
**a/k/a "Beeb,"**

knowingly possessed a firearm, that is, at least one of the following: a Smith and Wesson M&P 10mm handgun, bearing serial number NMH2956, loaded with 14 live rounds of ammunition; a Taurus Model G2c 9mm handgun, bearing serial number AEE402597, loaded with 15 live rounds of ammunition; and a Ruger 57 5.7x28 handgun, bearing serial number 642-24738, loaded with 18 live rounds of ammunition, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, that is, possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Four of this indictment.

In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## NOTICE OF FORFEITURE 1

**THE GRAND JURY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 21, United States Code, Sections 841(a)(1) and 846, set forth this indictment, defendants

**GREGORY JONES,**
**a/k/a "Smallz,"**
**EDWARD BASLEY,**
**a/k/a "Beeb,"**
**SHAWN BELL,**
**JABARI SAVAGE,**
**RENARD BROWN,**
**FARID HADDAD,**
**JERMAINE SINGLETON,**
**DAVID McFIELD,**
**ORENTHIAL BAILEY,**
**a/k/a "D," and**
**EDUARD AMADOR**

shall forfeit to the United States of America:

a) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and

b) any property constituting, or derived from, proceeds obtained, directly or indirectly, from the commission of such violation, including but not limited to the following:

1. $281,233.00;
2. $53,900.00;
3. $8,750.00;
4. $4,058.00;
5. $17,500.00;

6. $2,319.00;

7. $3,099.00;

8. 2022 Rolex SkyDweller Model 32693 Serial 8383X309;

9. 18K Cartier Yellow Gold Love Bracelet, stamped WJC555;

10. Audemar Piguet Royal Oak Chronograph 41mm Model J27021;

11. Rolex Datejust Model 116300 Serial 37W029;

12. 10k Yellow Gold Cuban Chain;

13. Rolex Oyster Perpetual Datejust Model 116334 Serial 57Y566V5;

14. Rolex 18k gold Day Date Presidential model 18038 Serial E353563;

15. Platinum Eternity wedding band with 24x 8pt diamonds;

16. 18k Yellow gold diamond engagement ring;

17. 18k gold Cartier Love Ring stamped TIR024;

18. A 2014 Hyundai Santa Fe, VIN 5XYZU3LB9EG203951, Pennsylvania license plate LNG5646;

19. A 2020 Honda Pilot, VIN 5FNYF6H64LB020948, Pennsylvania license plate MXL4450;

20. A 2025 Range Rover, VIN SALKP9E91SA303505, Pennsylvania license plate MHA3057; and

21. A 2013 BMW X5, VIN 5UXZV4C56D0G53432, Pennsylvania license plate NDD9837.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

a) cannot be located upon the exercise of due diligence;

b) has been transferred or sold to, or deposited with, a third party;

c) has been placed beyond the jurisdiction of the Court;

d) has been substantially diminished in value; or

e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 21, United States Code, Section 853.

## NOTICE OF FORFEITURE 2

**THE GRAND JURY FURTHER CHARGES THAT:**

As a result of the violations of Title 18, United States Code, 924(c)(1), as set forth in Counts Five of this indictment, defendant

**EDWARD BASLEY,**
**a/k/a "Beeb,"**

shall forfeit to the United States of America all firearms and ammunition involved in the commission of these offenses, including but not limited to:

1. One Smith and Wesson M&P 10mm handgun, bearing serial number NMH2956, loaded with 14 live rounds of ammunition;

2. One Taurus Model G2c 9mm handgun, bearing serial number AEE402597, loaded with 15 live rounds of ammunition; and

3. One Ruger 57 5.7x28 handgun, bearing serial number 642-24738, loaded with 18 live rounds of ammunition

All pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 924(d).

**A TRUE BILL:**

[redacted]

**GRAND JURY FOREPERSON**

/FOR

**DAVID METCALF**
**United States Attorney**

*No.*

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

GREGORY JONES a/k/a "Smallz"
EDWARD BASLEY a/k/a "Beeb"
SHAWN BELL
JABARI SAVAGE
RENARD BROWN
JERMAINE SINGLETON
FARID HADDAD
DAVID McFIELD
ORENTHIAL BAILEY a/k/a "D"
EDUARD AMADOR

INDICTMENT

21 U.S.C. § 846 (conspiracy to distribute 5 kilograms or more of cocaine – 1 count)
21 U.S.C. § 841(a)(1) (possession with intent to distribute 5 kilograms or more of cocaine – 2 counts)
21 U.S.C. § 860(a) (possession with intent to distribute 5 kilograms or more of cocaine within 1,000 feet of a protected location – 1 count)
18 U.S.C. § 924(c) (possession of a firearm in furtherance of a drug trafficking offense – 1 count)

[redacted]

Filed in open court this 16th day,
Of Se[redacted] A.D. 20 26

[redacted]

Foreperson

Bail, $____________