**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **26-CR-440** |
| **GREGORY JONES** | : | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

Defendant Gregory Jones, who in 2022 received presidential clemency based upon "second chances, redemption, and rehabilitation,"[1] used his newfound freedom to assemble a veritable rogue's gallery of drug traffickers and murderers to pump millions of dollars' worth of cocaine into the streets of Philadelphia. His confederates included Renard Brown, Jermaine Singleton, and Edward "Beeb" Basley, all federally convicted drug traffickers whose decades-long sentences did nothing to deter their criminal conduct. Defendant Jones' conspiracy also included Shawn Bell, and William Mack.[2] Bell murdered another drug dealer during a robbery when Bell was only 17 years old and Mack helped execute a drug dealer in Fairmount Park that Mack and others suspected stole drugs.

After clemency, and while still under the Court's supervision for his prior drug trafficking conviction, defendant Jones and his co-conspirators coordinated with a Mexican drug cartel to transport hundreds of kilograms of cocaine from Mexico to Philadelphia. Unsatisfied with the profits that the defendant saw from his own sales here in Philadelphia, he willingly agreed to serve as the cartel's central hub for cocaine distribution throughout the East Coast. Despite unabatedly

---

1 https://www.nbcphiladelphia.com/news/local/biden-gives-2-philly-men-charged-with-nonviolent-drug-crimes-shorter-sentences/3219206/

2 Mack is charged elsewhere at 25-CR-504.

distributing cocaine while on supervised release, the defendant also arrogantly held himself out as a model supervisee who was aggrieved by the unfair requirements imposed by his probation officer. The defendant even accepted an invitation to attend a multi-day conference in Washington, D.C. to petition Congress to "reform" the "unfair" supervised release regime that he ignored at every turn. As the defendant met with members of Congress and their staff to petition for further relief, he was simultaneously distributing millions of dollars' worth of poison onto the streets of Philadelphia every single month.

To avoid detection from law enforcement and supervising probation officers, defendant Jones' organization used multiple cell phones, encrypted communication apps, and conducted face-to-face meetings in secret, in secluded parking lots, and in narrow, difficult-to-surveil streets. The defendant and his co-conspirators used cars registered in other people's names, and in the case of Edward Basley, went so far as to carry a fake Philadelphia Police badge in a wallet which falsely indicated Basley was the son of a police officer.

The defendant, his co-conspirators, and their organization possess the means to flee and hide from investigators, the ability to fight if necessary, and the international connections to make apprehension difficult, if not impossible. Because no condition or combination of conditions will reasonably assure the defendant's appearance as required and/or the safety of the community, the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f) for a detention hearing and pretrial detention of the defendant.

## I. <u>THE FACTS</u>

In support of this motion, the government makes the following representations and proposed findings of fact:

**A. <u>Probable Cause And The Evidence In This Case</u>**

1. There is probable cause to believe that the defendant violated Title 21, United States Code, Sections 841, 846 and 860, as charged in the indictment filed on September 16, 2026. As the defendant is charged with a controlled substance offense with a maximum term of imprisonment greater than ten years, there is a rebuttable presumption in favor of detention. 18 U.S.C. § 3142(e)(3)(A).

2. The evidence in this case is overwhelming. With permission from this Court, the Federal Bureau of Investigation ("FBI") installed covert audio and video recording devices within the passenger compartment of the defendant's automobile. For nearly four months, the FBI watched and listened as the defendant operated his multi-million-dollar drug empire, conspired with foreign drug traffickers, and met with his extensive network of drug trafficker customers. On June 26, 2026, the FBI arrested the defendant shortly after he met with a truck driver sent by a Mexico-based source of supply for the purpose of delivering over $8,000,000 worth of cocaine to Philadelphia. Agents caught the defendant red-handed as he was storing his portion of that shipment, worth $4,500,000, in his workplace where he was purportedly employed as a janitor. Also, within the defendant's workplace, agents seized over $280,000 in cash intended for future cocaine deliveries. The defendant's partner, Edward Basley, was likewise caught after he stored over $3,000,000 worth of cocaine within a stash house that also contained multiple firearms.

As detailed by Exhibit "A", which contains samples of the interceptions and other information, the government's evidence of the defendant's crimes is irrefutable and he will be convicted.

**B. Maximum Penalties**

The total maximum penalty defendant faces is life imprisonment, including a mandatory minimum 15 years' imprisonment. Based upon the colossal amount of cocaine distributed by the defendant and his organization, the government estimates his guidelines range is 360 months – life imprisonment.

**C. Criminal Record**

As noted above, the defendant was previously tried and convicted of drug trafficking offenses here in the Eastern District of Pennsylvania. He was originally sentenced to serve 216 months' incarceration but had that sentence shortened in 2022. He remains under this Court's supervision on docket 07-CR-258-CMR.

**D. Prior History of Failures to Appear and Abide by Court Supervision**

This investigation involves one of the most egregious violations of supervised release in recent memory. The crimes detailed above all began shortly after the defendant's release from confinement and continued while he remained under supervision.

**E. Lack Of Community Ties/Employment**

Although the defendant undoubtedly has extensive community ties throughout Philadelphia, including ownership of multiple properties and a sandwich shop, the evidence in this case demonstrates that those ties served only to strengthen his criminal enterprise. In fact, the defendant used those residences and sandwich shop as convenient cover for his drug trafficking. As revealed by the months of surveillance and interceptions, the defendant's community ties are nearly all criminal in nature and his closest associates are either convicted drug traffickers,

murderers and violent felons, or both. Furthermore, the defendant's criminal ties extend throughout the east coast and into Mexico.

## II. CONCLUSION

When all these factors are viewed in light of the substantial sentence defendant faces if convicted, it is clear that no condition or combination of conditions will reasonably assure the presence of the defendant as required and/or the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

Respectfully submitted,

David Metcalf
United States Attorney

CHRISTOPHER PARISI
Digitally signed by CHRISTOPHER PARISI
Date: 2026.09.21 14:45:18 -04'00'

CHRISTOPHER E. PARISI
LAUREN E. STRAM
Assistant United States Attorneys

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **26-CR-440** |
| | : | |
| **GREGORY JONES** | | |

**PRETRIAL DETENTION ORDER**

AND NOW, this day of September, 2026, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

1. There is probable cause to believe that the defendant has violated 21 U.S.C. §§ 841, 846, and 860.

2. The evidence in this case is strong. The defendant was intercepted by both audio- and video-recording devices for months as he distributed hundreds of kilograms of cocaine

throughout Philadelphia. He was arrested as he accepted a shipment of millions of dollars' worth of cocaine for further distribution to his customers.

3. The total maximum statutory penalty defendant faces is life imprisonment, including a mandatory term of 15 years. The estimated guidelines range for the charged offenses is 360 months to life imprisonment. Accordingly, the defendant has a substantial incentive to flee.

4. The defendant has a significant criminal history, including a federal drug trafficking conviction. This offense was committed while under the supervision of this Court's probation office. His close association with violent felons was, in and of itself, a violation of this Court's supervised release and poses a danger to the community.

5. The strength and nature of the case against the defendant, combined with the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

6. As there is probable cause to believe that the defendant committed an offense punishable by 10 or more years in jail under the Controlled Substances Act, the Court must presume--subject to rebuttal by the defendant--that no condition of release, or combination of conditions, will reasonably assure the safety of any person and the community or reasonably assure the appearance of the defendant as required. The defendant has failed to rebut this presumption.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

______________________________________
HON. CAROLINE GOLDNER CINQUANTO
United States Magistrate Judge

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by electronic filing, on the following defense counsel:

Emily McKenna, Esq.

CHRISTOPHER PARISI Digitally signed by CHRISTOPHER PARISI Date: 2026.09.21 14:47:01 -04'00'

CHRISTOPHER E. PARISI
Assistant United States Attorney

Date: September 22, 2026